**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4164**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEY WAYNE CHAMBERS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (2:18-cr-00037-FL-5)

Submitted:  October 21, 2020                                     Decided:  November 3, 2020

Before NIEMEYER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Ayers II, AYERS & HAIDT, P.A., New Bern, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey Wayne Chambers pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1), and Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951, 2 (Count 2).  The district court sentenced him in the middle of the advisory Sentencing Guidelines range to concurrent terms of 144 months' imprisonment..  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erroneously declined to impose a sentence below the advisory Sentencing Guidelines range.  Chambers was advised of his right to file a pro se supplemental brief, but he has not filed one.  The Government elected not to file a brief.  For the reasons that follow, we affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  "If we find such abuse, we reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).  An error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

The district court must "must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  "When a defendant presents non-

2

frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lesser sentence.]" *United States v. Blue*, 877 F.3d at 513, 519 (4th Cir. 2017) (alternations and internal quotation marks omitted). "District courts need not spell out their responses to defendants' arguments where the context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Lozano*, 962 F.3d at 792 (citation and internal quotation marks omitted).

Here, the district court never addressed on the record Chambers' arguments for a below-Guidelines sentence. Therefore, the district court committed procedural error. We conclude, however, that the error was harmless.

The district court explained that it could not impose a sentence lower than the middle of the 121- to 151-month advisory Guidelines range because such a sentence was necessary in light of several § 3553(a) sentencing factors, specifically the nature and circumstances of Chambers' offenses and his history and characteristics, the need to promote respect for the law, the need to deter criminal behavior, and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B), (2)(C). On this record, we conclude that the district court would impose the same sentence even if the case were remanded for the court to address on the record Chambers' arguments for a below-Guidelines sentence. We further

3

conclude that Chambers fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Chambers, in writing, of the right to petition the Supreme Court of the United States for further review. If Chambers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chambers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*